UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------- x

| | |
|---|---|
| ROGER CRIQUE, | : |
| | : |
| Petitioner, | : |
| | : |
| - against - | : |
| | : |
| WILLIAM LEE, | : |
| | : |
| Respondent. | : |

```
┌─────────────────────────────────────┐
│ USDC SNY                             │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:    _____           │
│ DATE FILED: February 28, 2012        │
└─────────────────────────────────────┘
```

10 Civ. 6942 (PAC) (GWG)

ORDER ADOPTING R&R

----------------------------------------------------- x

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se petitioner Roger Crique ("Crique") seeks habeas relief pursuant to 28 U.S.C. § 2254 following his New York State conviction for Murder in the Second Degree on June 4, 2007.  Crique filed his habeas petition on September 14, 2010 in which he asserted a Brady violation.  (Dkt. 1.)  The Court referred this case to Magistrate Judge Gabriel W. Gorenstein on September 29, 2010.  On January 6, 2011, Crique filed an amended petition claiming  that he was denied due process as a result of prosecutorial misconduct.  On September 6, 2011, Magistrate Judge Gorenstein issued a Report & Recommendation ("R&R") recommending that the Court deny the petition.  (Dkt. 28).  After receiving an extension of time from this Court, Crique filed his objections to the R&R on October 17, 2011.  (Dkt. 33).  The Court has reviewed the R&R and Crique's objections. For the reasons that follow, the Court adopts Magistrate Judge Gorenstein's findings and recommendations and denies Crique's petition.

## BACKGROUND[1]

On October 16, 2007, Crique was sentenced to a term of 25 years to life imprisonment following his conviction at trial of second degree murder.  At trial, Crique argued that he suffered from extreme emotional disturbance ("EED") at the time of the homicide.  He called Dr.

---

[1] Facts are taken from the R&R unless otherwise indicated.

1

Alexander Sasha Bardey, a board-certified psychiatrist, as an expert to testify in support of his

EED defense.  Dr. Bardey testified that he relied in part upon interviews with "[p]eople who

knew [Crique] well, who could give [Dr. Bardey] a sense as to what kind of person he was,"

including members of Crique's family.  On cross-examination, the prosecutor asked Dr. Bardey

whether he asked to speak with the victim's family.  After defense counsel objected, the

prosecutor withdrew the question and asked: "There is no legal prohibition given to you by that

you couldn't speak to the victim's family?"  Defense counsel objected again, on the grounds that

Dr. Bardey was unable to interview the victim's family members because the defense never

received a list of their names and contact information, despite their requests.  The prosecutor

denied defense counsel's allegations but withdrew his question..

On direct appeal, Crique argued in part that the trial court "unconstitutionally impaired

the jury's fair and accurate assessment of [his EED] . . . defense[] . . . by allowing unwarranted

disparagement of the defense expert."  On June 23, 2009, the First Department affirmed Crique's

conviction.  The Court of Appeals denied leave to appeal on October 23, 2009.

Crique filed a petition for a writ of habeas corpus on September 14, 2010 claiming that he

was denied due process as a result of Brady violations.  On December 6, 2010, respondents filed

a motion to dismiss the original petition and argued that Crique failed to exhaust his Brady

claim.  On January 6, 2011, Crique filed an amended petition in which he argues that the

prosecutor violated his due process right to present a defense by "disparage[ing]" Dr. Bardey

during cross-examination.

## DISCUSSION

In reviewing a report and recommendation, a court "may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §

636(b)(1)(C). "The district court may adopt those portions of the report to which no timely

objection has been made, so long as there is no clear error on the face of the record." Feehan v.

Feehan, No. 09 Civ. 7016 (DAB), 2001 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011).

   Crique first objects to Magistrate Judge Gorenstein's determination that to the extent he

asserts a Brady claim in his amended petition, the claim is unexhausted.  Crique argues that this

recommendation is at odds with the Second Circuit's ruling in Abney v. McGinnis, 380 F.3d 663

(2d Cir. 2004), and this Court's decision in Andrews v. Cruz, No. 04 Civ. 566(PAC)(RLE), 2010

WL 1141182 (S.D.N.Y. Mar. 24, 2010).  This objection is without merit.

   Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf

of a person in custody pursuant to the judgment of a State court shall not be granted unless it

appears that . . . the applicant has exhausted the remedies available in the courts of the State."

Magistrate Judge Gorenstein found that on direct appeal, Crique argued that the prosecution

failed to provide his counsel or Dr. Bardey with contact information for the victim's family.

Crique did not claim that this failure constituted a Brady violation, however.  Nor did Crique

present a Brady claim in his motion to set aside the verdict pursuant to N.Y. Crim. Proc. Law §

330.30.  To avoid dismissing Crique's petition as a "mixed" petition with both exhausted and

unexhausted claims, Magistrate Judge Gorenstein deemed the unexhausted Brady claim as

withdrawn.  See Rhines v. Weber, 544 U.S. 269, 274 (2005); accord Pliler v. Ford, 542 U.S. 225,

230 (2004) ("[F]ederal district courts must dismiss mixed habeas petitions.").  This Court agrees.

Crique has not requested a stay to exhaust his Brady claim, and he has given no reason why he

should be exempt from exhausting his claims in state court.  His reliance on Andrews is thus

misplaced.  See Andrews, 2010 WL 1141182, at *3 (stating that when applying exhaustion

requirement under Prison Litigation Reform Act, court must consider whether prisoner alleges

special circumstances that justify failure to comply with administrative procedural requirements).

Crique also asserts in his objections that Magistrate Judge Gorenstein failed to address

his due process claim based on prosecutorial misconduct during cross-examination of Dr. Bardey

and summation.  This objection is similarly without merit.

Prosecutorial misconduct on cross-examination and summation can constitute a due

process violation when the conduct of the persecutor "so infec[ted] the trial with unfairness as to

make the resulting conviction a denial of due process." Greer v. Miller, 483 U.S. 756, 765 (1987)

(citing Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974) (cross-examination); Darden v.

Wainwright, 744 U.S. 168, 181-82 (1986) (summation).  A prosecutor's remarks during

summation "do not amount to a denial of due process unless they constitute egregious

misconduct."  United States v. Elias, 285 F.3d 183, 190 (2d Cir. 2002).

Magistrate Judge Gorenstein found that during cross-examination of Dr. Bardey, the trial

judge instructed the jury to disregard the prosecutor's improper questions concerning whether

Dr. Bardey sought to speak with the victim's family.  The jury was thus left with the impression

that Dr. Bardey would have interviewed the victim's family had he been able to do so.

Magistrate Judge Gorenstein also noted the "inherent improbability" that the victim's family

would have supported Crique's EED defense.  (R&R at 16.)  The prosecutor's improper

questions on cross-examination thus did not constitute "misconduct" in violation of Crique's due

process rights.  Magistrate Judge Gorenstein also found that during summation, the prosecutor

"simply repeated what had already been brought out by defendant himself" during direct

examination of Dr. Bardey regarding the fact that he had not interviewed the victim's family, and

that there was nothing improper in summarizing this testimony.  The jury was also instructed that

the attorneys' summations were not evidence, and that the jury was not required to accept

counsel's arguments.  Magistrate Judge Gorenstein thus concluded that the prosecutor's

statements about Dr. Bardey during summation did not constitute prosecutorial misconduct.  This

Court agrees.

## CONCLUSION

Having considered Magistrate Judge Gorenstein's Report and Recommendation and

finding no clear error in its analysis, Crique's petition for a writ of habeas corpus is dismissed

with prejudice.  As petitioner has not made a substantial showing of the denial of a constitutional

right, a certificate of appealability will not issue. 28 U.S.C. § 2253.  The Clerk of the Court is

directed to enter judgment and close this case.

Dated: New York, New York
       February 28, 2012

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies Mailed By Chambers To:

Roger Jason Crique
07-A-5826
Green Haven Corr. Fac.
P.O. Box 4000
Stormville, NY 12582

Amyjane Rettew
New York County District Attorney's Office
One Hogan Place
New York, NY 10013